IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDERICK DOUGLAS DIXON ) | |
| ID # 557998, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:16-CV-0290-N-BH |
| ) | |
| HILTON HALL, JR.[1], Warden, ) | Referred to U.S. Magistrate Judge |
| Coffee Correctional Facility, ) | |
| TEXAS ATTORNEY GENERAL, ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Frederick Douglas Dixon (Petitioner) challenges his convictions for aggravated sexual assault and two aggravated robberies. The respondents are Hilton Hall, Jr., Warden of the Coffee Correctional Facility, and the Texas Attorney General (Respondents).

**A.      Procedural History**

On November 13, 2007, the State of Texas indicted Petitioner for aggravated sexual assault in Cause No. F07-25433. (Doc. 15-1 at 48-49.)[2]  On December 10, 2007, he was indicted for

---

[1] Petitioner does not identify the official position of Deborah Marlowe, the named respondent who he appears to contend had custody of him under a detainer. (*See* doc. 3 at 1.) The response filed by the Office of the Texas Attorney General points out that at the time of its response, Petitioner was in custody of the State of Georgia. (Doc. 16 at 1.) According to the Texas Attorney General, Petitioner is in custody at the Coffee Correctional Facility in Georgia, and the warden is Hilton Hall, Jr. (*Id.*). When a habeas petitioner is not yet in custody pursuant to the judgment being challenged, the respondents are the officer who has current custody and the attorney general of the state where the challenged judgment was entered. Rules Governing Section 2254 Cases in the United States District Courts Rule 2(b). Accordingly, Hilton Hall, Jr., and the Texas Attorney General are substituted for Deborah Marlowe as the Respondents in this case.

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

aggravated robbery in Cause No. F07-25586 and for another aggravated robbery in Cause No. F07-25588. (Docs. 15-2 at 48-49; 15-3 at 48-49). On January 6, 2011, he pleaded guilty and was convicted in Criminal District Court #5 Dallas County, Texas, and he was sentenced to 50 years' imprisonment in each case. (Docs. 15-1 at 55; 15-2 at 54; 15-3 at 43.) He did not appeal. *See* www.txcourts.gov (search for Petitioner).

Petitioner's state habeas applications were signed on February 9, 2016, and received by the state court on March 3, 2016. (Docs. 15-1 at 4, 21; 15-2 at 4, 21; 15-3 at 4, 21.) They were denied without written order on May 18, 2016. *See Ex parte Dixon*, WR-84,859-01, WR-84,859-02, WR-84,859-03 (Tex. Crim. App. May 18, 2016).

**B.     Substantive Claims**

Petitioner's federal petition raises the following grounds:

1. Counsel was ineffective because:

    (a) her actions fell below professional norms;

    (b) her decisions were not tactical;

    (c) the Fifth Amendment provides that a person cannot be compelled to be a witness against himself;

2. There was a violation of due process because the guilty plea was compelled;

3. The indictment was defective;

4. There was unjust cause and prejudice regarding his relinquishment of a right.

(*See* doc. 3 at 6-7.) Respondents contend that the petition is barred by the statute of limitations. (*See* doc. 16.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

2

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.     **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[3] Because Petitioner did not appeal the January 6, 2011 judgments, they became final thirty days later, on February 5, 2011. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day

---

[3] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). That day was a Saturday, so the last day to file an appeal was Monday, February 7, 2011. *See* Tex. R. App. P. 4.1. Accordingly, he had until February 7, 2012, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, Petitioner filed his state habeas applications on February 9, 2016, after the limitations period had already expired, so he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on October 5, 2015, the date that it was mailed.[4] It is therefore untimely.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party]

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** on this 30th day of October, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                      */s/ Irma Carrillo Ramirez*
                                                     IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE